**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SETH BRUNNER, an individual<br><br>          *Plaintiff,*<br><br>     v.<br><br>DYVE BIOSCIENCES, INC.,<br><br>          *Defendant*. | Civil Action No. 1:19-cv-01663-MN<br><br>**JURY TRIAL DEMANDED** |

**[STIPULATED] MOTION TO AMEND SCHEDULE AND TO RESOLVE DISPUTES CONCERNING AMENDED SCHEDULE**

WHEREAS, on January 8, 2020, the Court entered a Scheduling Order for this case (D.I. 11);

WHEREAS, in light of the ongoing COVID-19 pandemic, on April 24, 2020 the Court entered an Amended Scheduling Order for this case (D.I. 22);

WHEREAS, in light of the ongoing COVID-19 pandemic, on July 31, 2020 the Court entered a Second Amended Scheduling Order for this case (D.I. 30);

WHEREAS, the parties had agreed to limited discovery in anticipation of an in person mediation on August 6, 2020;

WHEREAS, the COVID-19 pandemic resulted in the inability to conduct the mediation in person at that time;

WHEREAS, the parties conducted the mediation remotely on October 22, 2020 and did not reach a resolution;

WHEREAS, both parties agree that deadlines for fact discovery and other deadlines should be extended post mediation;

WHEREAS, the parties have not reached agreement on how the deadlines should be extended,

THE PARTIES HEREBY SUBMIT TO THE COURT competing proposals for extending deadlines in the Scheduling Order in this case, and request the Court's assistance in determining the schedule for the remainder of the case:

**Plaintiff's Proposal:**

At Defendant's request, Plaintiff agreed to participate in early mediation in this case, with extremely limited fact discovery leading up to early mediation. That mediation occurred on Oct. 22, 2020. The parties were unable to reach agreement. While both parties agree that deadlines need to be extended now that the early mediation has occurred, they disagree as to how those deadlines should be altered.

Plaintiff's proposal keeps the same general structure as the previous schedules in this case and provides sufficient time for the parties to adequately conduct full discovery and assess the merits of the case. Plaintiff believes its schedule to be reasonable in light of the current status of the case. By contrast, Defendant's proposal eliminates summary judgment, which has been part of the case schedule from the start, and which is specifically contemplated by the Federal Rules. Plaintiff does not agree that summary judgment should be eliminated from the case. The parties should proceed under the same structure as before, while allowing sufficient time to conduct fact discovery and meet other deadlines. Substantial discovery remains to be completed. For example, Defendants still need to produce text messages from its executives, documents from at least one of its executives, and engage in depositions for a number of employees, as well as a corporate deposition. Defendant also needs to produce documents and engage in depositions for a number of third parties that Defendant represents.

Further, Defendant is requesting leave to add a new claim for trade secret misappropriation to this case some eight months after the deadline for amending pleadings. Defendant's request to proceed to trial in eight months on a claim still in the pleading stage is not reasonable. While Plaintiff opposes Defendant's motion, should the Court allow Defendant to amend the pleadings, Plaintiff will only have five to six weeks at best to conduct discovery and prepare a defense on a new claim. Defendant's proposal that the parties proceed to trial without summary judgment on a claim that is in the pleadings stage is prejudicial to Plaintiff.

Plaintiff proposes the following schedule:

| EVENT | CURRENT DEADLINE | PROPOSED NEW DEADLINE |
| --- | --- | --- |
| Fact Discovery Closes | October 30, 2020 | March 31, 2021 |
| Opening Expert Reports | November 13, 2020 | April 14, 2021 |
| Rebuttal Expert Reports | December 4, 2020 | May 12, 2021 |
| Reply Expert Reports | December 18, 2020 | May 26, 2021 |
| Case Dispositive Motions and Daubert Motions (Opening Briefs) | January 22, 2021 | June 30, 2021 |
| Joint Proposed Final Pretrial Order | May 28, 2021 | October __, 2021 |
| Pretrial Conference | June 6, 2021 at 11:00 a.m. | October __, 2021 |
| Trial – 3-day Jury Trial | June 14, 2021 | November __, 2021 |

**Defendant's Proposal:**

Trial has already been moved three times in this case, Plaintiff's proposal would unnecessarily move it a fourth. The Complaint was filed on September 5, 2019 and keeping the current trial date is the most practical and efficient way of resolving this action. A three day trial was originally set to start on February 1, 2021 (D.I. 11). Due to the Covid-19 pandemic and the parties' desire for early mediation, trial was moved to April 26, 2021 (D.I. 23). The case was further delayed when the parties decided to wait to see if an in-person mediation would become possible. Consequently, the trial date was moved again to June 14, 2021 (D.I. 30). A remote mediation, which was ultimately unsuccessful, was held on October 22, 2020.

Defendant disagrees that there is still substantial discovery to be taken. Prior to mediation, the parties served interrogatories and responses and produced documents from the files of plaintiff Seth Brunner, Ryan Beal (Dyve CEO), Jim McGee (Dyve COO), Elias Kfoury (Dyve employee who introduced Dyve to Mr. Brunner), Jeffrey Byers (Former Dyve General Manager, Consumer Division), Erica Good (former Dyve General Manager of Pharmaceutical Products), and Barbara Prusinski (Dyve Aesthetics Program Manager). Former Dyve in-house counsel Dorsey Kleger-Heine also produced documents. These custodians were specifically selected as the most important in the case. In addition, Messrs. Brunner and Beal and Ms. Kleger-Heine were deposed. Consequently, the bulk of fact discovery has been completed, with maybe only two or three potential custodians remaining. Notably, Plaintiff does not identify the third-parties it claims Dyve represents and from whom discovery still needs to be taken. Therefore, Defendant's proposed extension until January 29, 2021 is more than sufficient to complete fact discovery. While Defendant is moving to amend its counterclaim to add a claim for trade secret misappropriation, that should not increase the remaining discovery to be taken in

any meaningful way. Indeed, much of the discovery taken to date is also relevant to the trade secret counterclaim.

To maintain the trial date, Defendant proposes forgoing summary judgment motions. This case involves claims related to whether Plaintiff Brunner owns some of the inventions developed by Dyve. Underlying these claims are whether Mr. Brunner was hired to invent and the existence of several employee/confidentiality agreements. Defendant has mirror-image counterclaims. Including the potential trade secret claim, the claims in this case are inherently factual and unlikely to be resolved through summary judgment. While summary judgment is specifically contemplated in the Federal Rules, this Court frequently conditions summary judgment motions on a prior application, and there is no absolute right to summary judgment.

Defendant's proposed schedule maintains the current trial date, while allowing enough time to finish fact discovery and conduct expert discovery. To the extent the Court believes the addition of a counterclaim for misappropriation for trade secrets requires the trial date to be moved, it does not need to be moved to November 2021. A trial in September 2021 provides more than sufficient time for discovery into the trade secret claim.

| EVENT | CURRENT DEADLINE | PROPOSED NEW DEADLINE |
|---|---|---|
| Fact Discovery Closes | October 30, 2020 | January 29, 2021 |
| Opening Expert Reports | November 13, 2020 | March 12, 2021 |
| Rebuttal Expert Reports | December 4, 2020 | April 12, 2021 |
| Reply Expert Reports | December 18, 2020 | April 28, 2021 |

| Case Dispositive Motions and Daubert Motions (Opening Briefs) | January 22, 2021 | No SJ Briefs (Daubert motions, May 1, 2021) |
| --- | --- | --- |
| Joint Proposed Final Pretrial Order | May 28, 2021 | Same |
| Pretrial Conference | June 7, 2021 at 11:00 a.m. | Same |
| Trial – 3-day Jury Trial | June 14, 2021 | Same |

BAYARD, P.A.

By: /s/ *Stephen B. Brauerman*
    Stephen B. Brauerman (#4952)
    600 N. King Street, Suite 400
    P.O. Box 25130
    Wilmington, DE 19899
    (302) 655-5000
    sbrauerman@bayardlaw.com

*Attorneys for Plaintiff*

POTTER ANDERSON & CORROON LLP

By: */s/ Jonathan A. Choa*
    Matthew E. Fischer (#3092)
    Jonathan A. Choa (#5319)
    David A. Seal (#5992)
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    mfischer@potteranderson.com
    jchoa@potteranderson.com
    dseal@potteranderson.com

*Attorneys for Defendant*

Dated: November 4, 2020