**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SETH BRUNNER, an individual<br><br>　　　*Plaintiff*,<br><br>　v.<br><br>DYVE BIOSCIENCES, INC.,<br><br>　　　*Defendant*. | Civil Action No. 1:19-cv-01663-MN<br><br>**JURY TRIAL DEMANDED** |

**MOTION OF BERGER & HIPSKIND LLP AND BAYARD P.A.
TO WITHDRAW AS COUNSEL FOR PLAINTIFF SETH BRUNNER**

Pursuant to D. Del. LR 83.7, the law firms of Berger & Hipskind LLP ("B&H") and Bayard P.A. ("Bayard") (collectively, "Movants") hereby move for leave to withdraw as counsel for Plaintiff Seth Brunner ("Mr. Brunner") in this action, effective immediately upon the Court's grant of such leave.

The grounds for this motion are as follows:

1.　On May 12, 2019, Mr. Brunner retained B&H to represent it in connection with it claims in the above-captioned action. In August, 2019, B&H, in turn, retained Bayard to serve as Delaware counsel. On September 5, 2019, Mr. Brunner, represented by Movants, filed the above-captioned action against Dyve Biosciences, Inc. ("Dyve").

2.　Pursuant to D. Del. L.R. 83.6(d), Movants are governed by the Model Rules of Professional Conduct of the American Bar Association (the "Model Rules"). (B&H and Bayard are also bound by the California and Delaware Rules of Professional Conduct, respectively.)

3.　Model Rule 1.16(a)(1) provides for mandatory withdrawal if the representation will result in violation of the Rules of Professional Conduct or other law. Model Rule 1.16(a)(1).

4. Model Rule 1.16(b) provides for permissive withdrawal as counsel when (in relevant part): "(1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . . (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; . . . (6) the representation . . . has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists." Model Rule 1.16(b).

5. Under Model Rule 1.16(c) and D. Del. L.R. 83.7, Movants must seek leave of the Court whether withdrawal is mandatory under subsection (a) or permissive under subsection (b). Movants seek leave to withdraw under both Model Rule 1.16(a) and (b).

6. B&H has retained Delaware counsel, Mr. Charles Slanina, Esq., who has advised Movants that professional and ethical considerations require Movants to seek to withdraw from representing the Plaintiff, Mr. Brunner. (*See* the November 23, 2020 affidavit of Charles Slanina, Esq., attached hereto as Exhibit A.)

7. Leave to withdraw should be granted under both Model Rule 1.16(a) and (b). Professional considerations require termination of the representation and withdrawal if permitted. Among other things, there has been an irreconcilable—and total—breakdown in the client-lawyer relationship. Moreover, withdrawal can be accomplished without material adverse effects on the interests of Mr. Brunner.

8. Irreconcilable differences have developed between Mr. Brunner and Movants regarding the above-captioned case. These differences have compromised the attorney-client relationship to a degree that renders Movant's continued representation of Mr. Brunner in the above-captioned case in a manner consistent with their obligations under the Rules of Professional

Conduct not possible. Movants have worked with Mr. Brunner to attempt to repair the relationship. The relationship with Mr. Brunner has not improved and, in fact, has continued to deteriorate.

9. B&H's retention agreement with Mr. Brunner is a detailed retention agreement setting forth the respective responsibilities of Mr. Brunner and counsel, and it expressly permits Movants' withdrawal from the representation if Mr. Brunner under the present circumstances.

10. Movants are obligated to maintain Mr. Brunner's confidential information, and therefore are not revealing factual details of the basis for their motion in these papers. *See* Model Rule 1.6(a) ("A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent"); *see also* Model Rule 1.16 comment 2 ("[I]n the absence of the client's informed consent, the lawyer must not reveal information relating to the representation."). For this, and other good cause, Movants cannot continue to represent Mr. Brunner. Accordingly, there is more than a sufficient basis for Movants to be permitted to withdraw as counsel under the Model Rules and the Delaware Lawyers' Rules of Professional Conduct.

11. If the Court instructs Movants to provide further factual details concerning the conflict, Movants respectfully request that they be permitted to submit additional details *in camera, ex parte*, under seal, in order to protect Mr. Brunner's confidential information.

12. Withdrawal can be accomplished without material adverse effect on Mr. Brunner's interests. No discovery requests or responses are presently pending, and no depositions have been scheduled. Fact discovery has not closed, and the parties have requested the court extend the deadline for the close of fact discovery. The parties have put forward competing requests to extend the close of fact discovery until March 31, 2021 (Plaintiff's Proposal) and January 29, 2021 (Defendant's Proposal). (D.I. 32 ("[Stipulated] Motion to Amend Schedule and to Resolve Disputes Concerning Amended Schedule").)

13. Movants had lengthy and detailed discussions with Mr. Brunner regarding the matters giving rise to this motion, and informed Mr. Brunner of their intent to withdraw. Mr. Brunner has been advised of his need to secure new counsel for the above captioned matter or proceed *pro se* upon Movants' withdrawal.

14. By email dated October 29, 2020, pursuant to Movants' retention agreement which expressly permits them to withdraw from the representation, Movants provided formal written notice of their withdrawal to Mr. Brunner. Movants advised Mr. Brunner that they would file this motion to withdraw as his counsel, and provided Mr. Brunner with the specific details concerning the conflict.

15. Movants have also served a copy of this motion on Mr. Brunner by registered mail in accordance with D. Del. L.R. 83.7, on November 9, 2020. Movants have also sent by electronic mail a copy of this motion to Mr. Brunner's e-mail address. Movants have conferred with Mr. Brunner pursuant to D. Del. L.R. 7.1.1 concerning this motion, and Mr. Brunner has indicated that he opposes this motion.

16. Pursuant to D. Del. L.R. 7.1.1, Movants have conferred with counsel for Defendant Dyve Biosciences, Inc. concerning this motion. Counsel for the Defendant Dyve has indicated that it takes no position on this motion.

17. As a result of the foregoing and pursuant to Model Rules 1.16(b)(1), (4), and (6), Movants have demonstrated good cause to withdraw from this representation.

WHEREFORE, Movants respectfully request the Court to enter an order granting their motion for leave to withdraw as counsel in the form attached hereto.

- 5 -

| | |
|---|---|
| November 23, 2020 | BAYARD, P.A. |
| | |
| OF COUNSEL: | /s/ Stephen B. Brauerman____ |
| | Stephen B. Brauerman (#4952) |
| Dorian S. Berger | 600 N. King Street, Suite 400 |
| Daniel P. Hipskind | P.O. Box 25130 |
| Eric B. Hanson | Wilmington, Delaware 19801 |
| BERGER & HIPSKIND LLP | (302) 655-5000 |
| 9538 Brighton Way, Ste. 320 | sbrauerman@bayardlaw.com |
| Beverly Hills, CA 90210 | |
| (323) 886-3430 | *Attorneys for Plaintiff Seth Brunner* |
| dsb@bergerhipskind.com | |
| dph@bergerhipskind.com | |
| ebh@bergerhipskind.com | |

## **CERTIFICATE OF COMPLIANCE WITH D. DEL. L.R. 83.7**

I certify that, pursuant to D. Del. L.R. 83.7, counsel caused copies of the present motion papers to be served on the client, Plaintiff Mr. Seth Brunner, on November 9, 2020, via certified mail. Mr. Burnner has acknowledged receipt of and opposition to the present motion.

_/s/ Stephen B. Brauerman_____
Stephen B. Brauerman

## **CERTIFICATE OF COMPLIANCE WITH D. DEL. L.R. 7.1.1**

I certify that the subject of the foregoing motion has been discussed with counsel for the Defendant, and that Defendant has indicated that it takes no position on this motion.

_/s/ Stephen B. Brauerman_____
Stephen B. Brauerman