# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SETH BRUNNER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 1:19-CV01663-MN |
| ) | |
| DYVE BIOSCIENCE, INC., ) | |
| ) | |
| Defendant. ) | |

### DECLARATION OF CHARLES SLANINA REGARDING PLAINTIFF COUNSEL'S MOTION TO WITHDRAW AS COUNSEL

I, Charles Slanina, declare:

1. I am a member of the Bar of the State of Delaware and a partner in the law firm of Finger & Slanina, LLC. I have been retained by Berger & Hipskind LLP ("B&H"), 9538 Brighton Way, Suite 320, Beverly Hills, California, 90210, in connection with their motion to withdraw as counsel of record for Plaintiff Seth Brunner in the above-captioned case.

2. My legal practice focuses exclusively on legal ethics and professional conduct, including issues of conflicts of interest, attorney-client privilege, and client confidentiality. I have previously been admitted and employed as an expert in professional responsibility and the Rules of Professional Conduct in this and other Delaware courts.

3. I have evaluated the attorney-client relationship between Brunner and B&H by reviewing correspondence between Brunner and B&H, and interviewing B&H's General and in-house Ethics Counsel.

4. It is my expert opinion the that the Professional Conduct Rules, including but not limited to Rule 1.16, require B&H to seek leave of the court for both a mandatory and permissive

leave to terminate its representation of Brunner in this matter. Plaintiff and B&H have fundamental and irreconcilable differences over the scope and goals of the representation, as well as over the means to which movant's legal services would be employed to attain those goals. There has been a complete and irreversible breakdown in the client-attorney relationship between Brunner and B&H. Plaintiff has failed to substantially fulfill an obligation to B&H after having been warned that B&H would seek to withdraw unless that obligation is fulfilled.

5. Based on the facts I have been presented, continued representation of Brunner by B&H would likely result in violations of one or more professional conduct rules as well as B&H's other obligations to the Court unless termination of the representation is permitted by the Court.

6. I have advised B&H that it is ethically obligated to maintain Plaintiff's client confidences, and therefore, it cannot reveal confidential information to the Court absent the Court's instruction to do so pursuant to ABA Professional Conduct Rule 1.6.

I declare under penalty that the foregoing is true and correct.

_____  11/23/20
Charles Slanina                  Date